IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-240 |
| JOHN HORNEZES | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jerome A. Moschetta, Assistant United States Attorney for said District, and submits this Sentencing Memorandum to the Court:

**INTRODUCTION**

On November 30, 2017, a criminal complaint was filed in this matter charging the defendant, John Hornezes (hereinafter "Hornezes"), with violations of the federal firearms and narcotics laws in the Western District of Pennsylvania. See Doc. 43 at p. 5 ¶ 1. On September 17, 2018, a three-count Information was filed in this matter charging Hornezes with violations of the federal firearms and narcotics laws in the Western District of Pennsylvania. See Doc. 43 at p. 5 ¶ 3.

Specifically, Hornezes is charged at Count One of the Information with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), from in or around September 2016 to on or about November 30, 2017. Hornezes is charged at Count Two of the Information with possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). At Count Three of the Information, Hornezes is charged with possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Each of the violations charged at Counts Two and Three of the Information occurred on or about November 30, 2017. See Doc. 43 at p. 5 ¶ 3.Also, on September 17, 2018, the Government filed an Information, pursuant to 21 U.S.C. § 851, stating prior convictions as a basis for increased punishment. See Doc. 43 at p. 5 ¶ 4.

On December 13, 2018, Hornezes pled guilty to Counts One through Three of the Information. In connection with the plea, Hornezes admitted that on November 30, 2017, a federal search warrant was executed at Hornezes' residence located on Oakhill Street, Pittsburgh, Pennsylvania, as part of an ongoing investigation into cocaine trafficking in Allegheny and Westmoreland counties. There, case agents discovered approximately 200 grams of crack cocaine and the Ruger, Model 089, 9mm caliber pistol, which had been reported stolen, and 9mm caliber ammunition. Hornezes also admitted that on November 30, 2017, a warrant was executed at a stash house utilized by Hornezes and his associate Thomas Poole at 915 Penn Avenue. There, the agents recovered approximately 5 kilograms of cocaine, and based on search results, wiretap interceptions and surveillance, confirmed Poole's and Hornezes' involvement in a narcotics trafficking conspiracy.

The defendant admitted (and the government's evidence would have proven) that he conspired to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, and that he possessed 38 grams or more of a mixture and substance containing a detectable amount of cocaine base, with intent to distribute.

Finally, the defendant admitted (and the government's evidence would have proven) that he knowingly possessed the 9mm Ruger pistol and the 9mm caliber ammunition described in

Count Three of the Indictment, after being convicted of the crimes of possession with intent to deliver a controlled substance and receiving stolen property in the Court of Common Pleas of Allegheny County, which he knew were felonies.

A sentencing hearing is presently scheduled for October 31, 2019.

## II. THE SENTENCING GUIDELINES RANGE

The United States Supreme Court has instructed that "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 522 U.S. 38, 49 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that Guidelines sentences are reasonable. *Peugh*, 133 S.Ct. at 2083. When considering a sentence outside of the Guidelines Range, the Court "must consider the extent of the deviation and ensure that the justification *is sufficiently compelling* to support the degree of the variance." *Id*. (citing *Gall*, 522 U.S. at 50) (emphasis added). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

In this case, the Sentencing Guidelines recommend a sentence of imprisonment of 188 to 235 months' imprisonment for Mr. Hornezes. Additionally, this Guidelines Range reflects a three-point reduction for acceptance of responsibility, pursuant to §3E1.1(a). Thus, the Government submits that a Guidelines Range sentence is an appropriate and just sentence for this defendant.

## III. SECTION 3553 FACTORS

The factors cited under Title 18, United States Code, Section 3553 support the Government's recommended sentence in this case as set forth herein.

**(1) 18 U.S.C. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The crimes for which Mr. Hornezes has pled guilty, violations of federal narcotics and firearms laws, are serious crimes. In connection with his guilty plea, the Court was advised of the nature of Mr. Hornezes conduct, which is set forth above. To Mr. Hornezes' credit, he has pled guilty in this case. The Defendant's acceptance of responsibility, however, has been rewarded through the terms of the plea agreement. Given these factors, the advisory Guidelines Range set forth in the PSIR reflects the appropriate punishment for the Defendant in this case.

**(2) 18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence Imposed To Reflect The Seriousness Of The Offense, To Promote Respect For The Law And To Provide Just Punishment For The Offense**

Imposition of a sentence within the advisory Guidelines Range is necessary in this case to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. As described more fully above, the Defendant's offense is serious - he was a member of a conspiracy, which trafficked significant quantities of cocaine in the Western District of Pennsylvania and, in this case, Mr. Hornezes also possessed a firearm. A within Guidelines Range sentence in this case will promote respect for the law and will provide just punishment for this serious offense.

**(3) 18 U.S.C. § 3553(a)(2)(B) – The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct**

Imposition of a sentence of imprisonment within the Guidelines Range addresses both specific and general deterrence and is necessary to deter others from committing this type of offense. "[Drug] trafficking and abusing illicit drugs destroy neighborhoods, contribute to violence and victimization, and often ruin the lives of drug users and their families." *Drugs*, Community Oriented Policing Services, United States Department of Justice, https://cops.usdoj.gov/drugs. Given the many societal problems associated with drug trafficking,

especially when coupled with illegally possessing a firearm, deterring others from putting illicit drugs onto the streets, in the first place, is paramount.

> **(4)   18 U.S.C. § 3553(a)(2)(C) – The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant**

A guideline range sentence of imprisonment will serve to protect the public from further crimes of the Defendant during the time that he is incarcerated.

> **(5)   18 U.S.C. § 3553(a)(3), (4) – The Kinds of Sentence and the Sentencing Range Established by the Applicable Category of Offense Committed by the Applicable Category of Defendant as Set Forth in the Guidelines**

As to a term of imprisonment, Mr. Hornezes is subject to the following statutory and guideline sentences:

> **Statutory Provisions:** Counts 1 and 2: The minimum term of imprisonment is 10 years and the maximum term is life at each count. 21 U.S.C. §§841(b)(1)(B)(ii), 841(b)(1)(B)(iii) and 851. Count 3: The minimum term of imprisonment is 15 years and the maximum term is life. 18 U.S.C. § 924(e).
>
> **Guideline Provisions:** Based upon a total offense level of 31 and a criminal history category of VI, the guideline imprisonment range is 188 months to 235 months.

As to a term of supervised release, Mr. Hornezes is subject to the following statutory and guideline sentences:

> **Statutory Provisions:** Counts 1 and 2: The Court may impose a term of supervised release of at least 8 years at each count. 21 U.S.C. §§ 841(b)(1)(B)(ii), 841(b)(1)(B)(iii) and 21 U.S.C § 851. Count 3: The Court may impose a term of supervised release of not more than 5 years. 18 U.S.C. § 3583(b)(1). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).
>
> **Guideline Provisions:** Counts 1-3: Since the offenses are Class A Felonies, the guideline range for a term of supervised release is 2 years to 5 years. USSG §5D1.2(a)(1). However, pursuant to USSG §5D1.2(c), the term of supervised release shall not be less than any statutorily required term of supervised release. In this case, the defendant is subject to a term of supervised.

Mr. Hornezes is not eligible for probation – statutorily or per the sentencing guidelines.

> **(6)   18 U.S.C. § 3553(a)(5) – Any Pertinent Policy Statement**

There are no pertinent policy statements applicable.

**(7) 18 U.S.C. § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

A sentence within the advisory Guidelines Range reflects an appropriate sentence for the Defendant in this case given his conduct as set forth above.

**(8) 18 U.S.C. § 3553(a)(7) – The Need To Provide Restitution To Any Victims Of The Offense**

Restitution is not applicable in this case.

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Government respectfully requests that the Court impose a sentence as to Mr. Hornezes within the Guidelines Range of 188-235 months' imprisonment.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID 320774

*s/ Jerome A. Moschetta*
JEROME A. MOSCHETTA
Assistant U.S. Attorney
PA ID 203965