FILED

DEC 03 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                    Criminal No. 18-0240

John Hornezes

Comes now, John Hornezes, through pro-se representation respectfully asks this Court to exercise its authority under 18 U.S.C. § 3582 (c)(i)(A) as amended by the First Step Act (FSA) of 2018, and order that he be immediately released from the Bureau of Prison (FCI Elkton) in light of the emergency conditions created by the covid-19 pandemic. The unprecedented threat of covid-19 could not have been foreseen at sentencing, and poses an extraordinary threat to Petitioner Hornezes.

The virus has densely impacted the population, and as multiple media accounts have revealed, the Elkton facility is illequipped to contain the pandemic and prevent COVID-19 from the inmates, including Mr. Hornezes. This alone is extraordinary and compelling circumstances for the court to reduce and grant Mr. Hornezes' immediate release. The Federal Bureau of Prisons (FBOP) has acknowledged that the risks of the rapid transmission of contagion in the tight quarters of prisons and jails present significant challenges to keeping inmates and staff safe and healthy. Petitioner Hornezes lacks the ability to exercise disease prevention measures. Living conditions do not allow for social distancing or access to proper cleaning supplies. The Elkton facility is one of three that were significantly impacted back in March and was considered a hot spot. There have been nine inmate deaths here. Mass testing was conducted on May 12, 2020.

Attorney General William Barr has not only authorized, but ordered the FBOP to begin releasing non-violent inmates. Under the FSA, and most recently the CARES ACT, this Court has broad authority to determine whether extraordinary and compelling circumstances exist to modify Mr. Hornezes sentence and release him. I find nothing more extraordinary than this

historic global pandemic, which has and still is killing more people in the U.S. than in any other country in the world. Covid-19 does not discriminate. This virus has taken the lives of men, women and children. Those who were young, old, healthy and unhealthy.

Mr. Hornezes has submitted a request for compassionate release via email to Warden Mark Williams on April 22, 2020 and was denied on May 1, 2020. Mr. Hornezes has been at FCI Elkton for one year and spent nine of those months on lockdown due to the virus. Things are not looking any better now. Our unit is in quarantine once again because several inmates have tested positive within the past week.

Although typically the defendant is required to exhaust administrative remedies with the BOP, courts have recognized that the exhaustion requirements may be waived given the extreme immediacy of the need to seek judicial relief in these circumstances ((see U.S. v McCarthy, No. 3:17-cr-0230 (JCH) 2020, WL 1698732 (D. Conn. Apr. 8, 2020)); U.S. v Brannon, No. 4:15-cr-80-01 (S.D. Tx. Apr. 2, 2020) (Emergency motion pursuant to §3582 granted on same day of filing for prisoner who had not exhausted FBOP remedies). Simply put, forcing Mr. Hornezes to wait for the administrative process to play out prior to ruling on this request could mean the difference between life and death, With the speed and unpredictability of this pandemic, waiting even 30 days could be too late. Accordingly, this Honorable Court should exercise jurisdiction over Petitioner Hornezes and grant motion for compassionate release and dispence with the FBOP requirements under 18 U.S.C. §3582 (c)(1)(A)(i).

## I. Introduction:

Mr. Hornezes is currently serving a 72 month sentence at FCI Elkton. The BOP's website lists his release date as December 11, 2025. He also has eight years of supervised release. The FSA of 2018 amended 18 U.S.C. §3582 (c)(1)(A) to allow district courts to modify sentences of imprisonment upon motion

by the defendant. He now ask for compassionate release due to the COVID-19 pandemic. Upon Mr. Hornezes' self surrender on Dec. 17, 2019 to FCI Elkton, he was out on bail for nearly two years incident free. With the support of his family, he pulled his self together to begin his sentence. He got acquainted with his unit team, case manager and counselor. He took a job in the electrical department and took a variety of educational classes. before they were ended early due to the pandemic. During the beginning stages of the facility being locked down, Mr. Hornezes got a job with the medical department by becoming a medical orderly. His duties included to clean the hospital and assisted staff with hazardous sanitation duties. While working in the medical area, Mr. Hornezes contracted the coronavirus and became very sick himself. He had a negative result from a test given on June 6, 2020, but later tested positive on June 26, 2020.

## II. Exhaustion

Mr. Hornezes did satisfy §3582(c)(1)(A)'s exhaustion requirements. He submitted his request to the warden on April 22, 2020 via email and received his denial on May 1, 2020. More than 30 days have since passed. Therefore, the matter is ripe for disposition by the court. See U.S. v. Sommerville, No. 12-225, 2020 WL 2781585 (W.D. PA. May 29, 2020)(Ranjan, J.) Below are two relevant quotes from Judge Ranjan's opinion:

> "Recall that §3582(c)(1)(A) permits a prisoner to bring a compassionate release motion."
> (1)" After the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf "or
> (2)"The lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

## II. Extraordinary and Compelling Reason

Under 18 U.S.C. § 3582 (c)(1)(A), a court may reduce a term of imprisonment for "extraordinary and compelling reason" that warrant such a reduction. The commentary promulgated by the United States Sentencing Commission defines extraordinary and compelling reasons as a "serious physical or medical condition... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 App. Note 1.

Staying at Elkton substantially diminishes Mr. Hornezes' ability... to provide self-care within the environment of the correctional facility. U.S.S.G. § 1B1.13, CMT. N. 1(A)(ii). See also, e.g., U.S. v. Readus, No. 16-20827-1, 2020 WL 2572280, at *2 (E.D. Mich. May 21, 2020)( collecting cases) Judge Leitman recently released someone from Elkton, explaining that he was "unable to provide self-care [there] because he [could not] practice effective social distancing and hygiene to minimize his risk of exposure." U.S. v. Goins, No. 11-cr-20376, 2020 WL 3064452, at *6 (E.D. Mich. June 9, 2020)(cleaned up). "Other Reasons" warranting release under U.S.S.G. § 1B1.13, CMT. N. 1(D). Because while the SARS-COV-2 virus is devastating wherever it invades, prisoners cannot socially distance and are thus more vulnerable. See Miller v. U.S., No. Cr 16-20222-1, 2020 WL 1814084, at *3 (E.D. Mich. April 9, 2020); U.S. v. Kelly, No. 3:13-cr-59, 2020 WL 2104241 (S.D. Miss. May 1, 2020)( granting release to a non-elderly inmate with no pre-existing condition because of BOP's failure to control the outbreak at this facility). The Courts have said "that the situation at FCI Elkton... is alarming."

Dr. Chris Beyrer, a professor of Epidemiology at John Hopkins School of Medicine determined that prison environments greatly increase the risk of spreading the coronavirus infection. Given these circumstances, Mr. Hornezes' concern for his health and safety based on prison conditions is real and significant. A sentence reduction is justified and should be granted by this Court. Mr. Hornezes request this court to grant a reduction under 18

U.S.C. 3582 (c)(1)(A).

IV. Mr. Hornezes Is Not A Danger To The Community If Released.

Mr. Hornezes is currently housed at the FSL cadre unit. This unit is for minimum custody level inmates, which allows him to work outside the prison facility. He is a low risk for recidivism based on his Pattern Score - a scoring metric used by the BOP to assess inmate's risk. As to the date of this filing, Mr. Hornezes has been incarcerated for one year and has zero disciplinary infractions. If Mr. Hornezes were to be released, he would reside with his wife, who he has been married to for twenty-four years. They have three children together and she works as a nurse practitioner.

Mr. Hornezes understands the seriousness of his offense, and also acknowledges that he has grown and matured since he last committed this offense. He has seen the hardships placed on his family due to his mistakes and bad choices. " While defendant's crime of conviction was a serious one he possessed nearly a kilogram of cocaine.'If generalized (albeit legitimate) concerns about the dangers of guns and drugs were enough to bar compassionate release, almost no-one would be eligible.'" U.S. v. Jones, 18-43 (W.D.PA.) Judge Bisson, citing Sommerville, 2020 WL 2781585, at *12.

A sentence should be "sufficient but not greater than necessary" while I do not debate the seriousness of defendant's crime, I believe that the significant dangers that the defendant faces as an incarcerated person suffering from Type II diabetes during the covid-19 pandemic does not undermine the seriousness of his crime or mean others will not be deterred from committing similar crimes." U.S. v. Ollie, No. 12-18, Doc. No. 199 at *7-8.

Courts have granted compassionate release to people with similar convictions, some of whom served less than half of their sentence. See, e.g., U.S. v. Jackson, No. 18-cr-86, 2020 WL 3396901, at *1 (N.D. Ind. June 19, 2020)( releasing defendant

6 of 7

who plead guilty to Hobbs Act Robbery even though he had
served only five months of his 87-month sentence), U.S. v.
Peterson, No. 7:12-cr-15-1BO, ECF No. 63(E.D.N.C. June 4,
2019)(releasing inmate who offense included discharging a
firearm in furtherance of a drug trafficking offense); U.S.
v. Guzman, No. 13-cr-576-1, 2020 WL 2781713 (releasing
inmate convicted of conspiracy to possess with intent to
distribute cocaine and heroin and serving a 150 month
sentence even though he had served only about half of his
sentence); U.S. v. Parker, No. 2:98-cr-00749, 2020 WL
2572525, at *14(C.D. Cal. May 21, 2020)(granting release,
notwithstanding defendant's "leadership of a drug distribution
network, his abuse of a position of trust, and his submitting
a false tax return," and fact that offense involved weapon);
U.S. v. Almontes, No. 3:05-cr-58, 2020 WL 1812713, at *1
(D. Conn. Apr. 9, 2020)(granting compassionate release of defendant
with drug and §924(c) conviction who was a "career offender"
based on prior assault and robbery convictions).

## V. Conclusion

   For the foregoing reason, Mr. Hornezes request this Court
grant him a compassionate release as permitted by 18 U.S.C.
§3582(c)(1)(A). There are extraordinary and compelling
circumstances that justify a reduction in his custodial
sentence. He humbly ask this Court to reduce his sentence
to time served and that he immediately be placed on
supervised release, which he is to serve eight years.
   If released, Mr. Hornezes plans to work as an electrician
and continue his small electrical business, which he had before
turning hisself in to begin his incarceration. He is focused on
being a law abiding citizen and looking forward to being there
for his family.

Dated: November      , 2020

Respectfully submitted,
JOHN HORNEZES
John Hornezes:
Reg. No. 38751-068
FCI Elkton
P.O. Box 10
Lisbon, OH 44432