IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.  Case No. 18-240

JOHN JAMES HORNEZES,
Defendant.

**SUPPLEMENT TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 USC 3582(c)(1)(A)(i)**

AND NOW, comes Robert Staley Carey, Jr., counsel for the Defendant, John James Hornezes, and files this Supplement to Motion to Reduce Sentence Pursuant to 18 USC § 3582(c)(1)(A)(i):

**Procedural Summary**

1. In a criminal complaint dated November 30, 2017, John James Hornezes ("Defendant") was charged at Criminal No. 18-240 with possession of a firearm by a convicted felon and possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of crack cocaine. ***See Docket # 1.***

2. In a criminal information dated September 17, 2018, the Defendant was charged at Criminal No. 18-240 with one count of conspiracy to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine, in violation of Title 21 Section 846, one count of possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of crack cocaine, in violation of Title 21 Sections 841(a)(1) and 841(b)(1)(B)(iii), and possession of a firearm by a convicted felon in violation of Title 18 Sections 922(g)(1) and 924(e). ***See Docket # 24.***

3. On September 17, 2018, the government filed a Section 851 Information stating prior convictions as a basis for increased penalties. ***See Docket # 26.***

1

4. On December 13, 2018, the Defendant appeared before the Honorable Arthur J. Schwab waived prosecution by indictment and pled guilty to the counts identified in the information.

5. In a Judgment in a Criminal Case entered on October 31, 2019, Judge Schwab imposed a 72- month term of imprisonment followed by an eight-year period of supervised release. *See Docket # 55.*

6. On June 3, 2020, Attorney Milton Raiford filed a Motion for Compassionate Release arguing that a reduction in sentence was appropriate because the Defendant "is a black man from Pittsburgh." *See Docket #56, at 3.*

7. On June 19, 2020, the United States filed the Government's Response to Defendant's Motion for Compassionate Release. *See Docket # 59.*

8. On June 25, 2020, Judge Schwab denied the Motion for Compassionate Release without prejudice based on a determination that administrative remedies had not been exhausted. *See Docket # 60.*

9. On December 8, 2020, the Defendant proceeding *pro se* filed a Motion for Reduced Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A). *See Docket # 61.*

10. On January 4, 2021, the undersigned filed an Amended Motion to Reduce Sentence Pursuant to 18 USC § 3582(c)(1)(A)(i) on behalf of the Defendant. *See Document # 67.*

11. On February 1, 2021, the Government filed a Response to Defendant's Motion to Reduce Sentence. *See Document # 73.*

**Discussion**

The Defendant seeks herein to provide a brief supplement to the previously stated argument regarding extraordinary and compelling reasons for compassionate release. The present definition of "extraordinary and compelling" is found in the commentary to Section 1B1.13 of the U.S. Sentencing Guidelines Manual. In the instant case, the Defendant has asked this Honorable Court to exercise its discretion beyond the Guideline definition to find that extraordinary and compelling reasons exist, warranting compassionate release. ***See Document # 67, at 6.*** The government has stated its position that the Commission's definition of "extraordinary and compelling" is binding on courts considering compassionate release. ***See Document # 73, at 9.*** The government's position is wrong.

Prohibiting courts from exercising discretion in the extraordinary and compelling reason analysis ignores the prevailing trend in compassionate release law. Each circuit court that has reached this issue has held that district courts are not bound by USSG § 1B1.13 in reaching its determination as to what constitutes extraordinary and compelling reasons. ***See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. Dec 2, 2020), United States v. Jones, 980 F.3d at 1098, 1108 (6th Cir. Nov. 20, 2020), United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020), United States v. Brooker, 976 F.3d 228 (2d Cir. Sept. 25, 2020).*** The parties' previous pleadings cite several decisions from the Western District of Pennsylvania finding that the Section 1B1.13 definition does not prohibit the exercise of discretion. Importantly, this Honorable Court has previously indicated that the exercise of discretion is appropriate in the examination of extraordinary and compelling reasons.

> Section 3582 does not, however, define the phrase "extraordinary and compelling reasons." Instead, Congress delegated the task to the Sentencing Commission. See 28 U.S.C. § 994(t)(stating that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the

> criteria to be applied and a list of specific examples."). The Sentencing Commission defined "extraordinary and compelling" as it related to the BOP's discretion under the pre-First Step Act version of Section 3582(c)(1)(A)(i), but this definition found in the U.S. Sentencing Manual ("the Guidelines") § 1B1.13, is outdated. *See United States v. Rodriguez,* 451 F.Supp. 3d 392, 396 (E.D. Pa. 2020).
>
> Although the relevant portions of the Guidelines predate the passage of the applicable provisions of the First Step Act, and would be advisory in any event, they provide some benchmark for this Court's consideration. *See id.* at 397. ("[A] majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but] … does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582 (c)(1)(A)(i).'") (*quoting Beck,* 425 F.Supp. 3d at 582). For example, the policy statement provides that a defendant may show "extraordinary and compelling" reasons for compassionate release based on the defendant's medical condition, age, family circumstances, or "other reasons." § 1B1.13, cmt. n. (1).

**United States v. Burrows, Crim. No. 17-224, at 4.**

In **Burrows,** Your Honor was not called upon to resolve a dispute regarding the presence of extraordinary and compelling reasons. However, the above cited language shows that this Honorable Court has cited favorably the idea that the exercise of discretion is appropriate, rejecting any notion that Section 1B1.13 is binding, prohibiting such exercise of discretion. It appears that the Court has rejected the argument advanced by the Government in the instant case.

WHEREFORE, the defense respectfully requests that this Honorable Court accept this supplement and consider it in support of the position previously stated in the Motion to Reduce Sentence regarding the existence of extraordinary and compelling reasons for compassionate release.

Respectfully submitted,

*Robert Carey*
Robert S. Carey, Jr.
PA ID# 85155
Attorney for John James Hornezes

4