IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

JOHN JAMES HORNEZES,

      Defendant.

Criminal No. 18-0240
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. 3582(c)(1)(A)(i), otherwise known as a Motion for Compassionate Release. ECF 80. This is the third motion that Defendant has filed seeking such relief. Counsel for the Government has filed a Response (ECF 85) and Defendant filed a Reply. ECF 88. Both Defendant and the Government submitted various documents – some of which were filed under seal due to the medical nature of the documents – and thus, this matter is now ripe for adjudication. For the reasons set forth herein, the Court will DENY Defendant's Motion.

**I. BACKGROUND**

On December 13, 2018, pursuant to a plea agreement with the Government, Defendant waived indictment and pled guilty to Counts One through Three of an Information charging him with: (1) conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine; (2) possession with intent to distribute 28 grams or more of cocaine base, in the form commonly known as crack; and (3) possession of a firearm and ammunition by a convicted felon. On October 31, 2019, Defendant was sentenced to 72 months imprisonment at each count

1

to be served concurrently, followed by eight years of supervised release at each count to be served concurrently. Defendant is currently assigned to FCI Loretto to serve his term of imprisonment. Currently, Defendant's release date is February 4, 2025. https://www.bop.gov/inmateloc/ (last visited 1/19/2023). Thus, Defendant has slightly more than two years left to serve on his six-year sentence.

## II. STANDARD OF REVIEW

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed.").

The First Step Act's amendment of 18 U.S.C. § 3582 provides an example of such specific authorization.[1] As amended, the First Step Act allows this Court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In addition, this Court must consider: (1) whether Defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Section 3582 does not define the term "extraordinary and compelling reasons." Instead, Congress delegated that task to the Sentencing Commission. See 28 U.S.C. § 994(t) (stating that

---

[1] Title 18 U.S.C. § 3582(c)(1)(A) is referred to as "the compassionate release statute," because it allows a court to modify a term of imprisonment if certain conditions are present. Historically, the presence of the conditions only permitted the Bureau of Prisons ("BOP") to bring a motion under the compassionate release statute. However, in 2018, the First Step Act modified the compassionate release statute and authorized a defendant to file his own motion for relief. First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018).

the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").

The Sentencing Commission defined "extraordinary and compelling" as it related to the BOP's discretion under the pre-First Step Act version of § 3582(c)(1)(A)(i), but this definition found in the U.S. Sentencing Guidelines Manual ("the Guidelines") § 1B1.13, is outdated. *See United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020). Although the relevant portions of the Guidelines predate the passage of the applicable provisions of the First Step Act, and would be advisory in any event, they provide some benchmarks for this Court's consideration. *See id*. at 397 ("[A] majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but] . . . does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A).'") (*quoting United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D. NC 2019)). For example, the policy statement provides that a defendant may show "extraordinary and compelling" reasons for compassionate release based on the defendant's medical condition, age, family circumstances, or "other reasons." § 1B1.13, cmt. n.(1).

### III. ANALYSIS

Turning to the assertions in Defendant's current motion, he asserts three reasons this Court should grant his motion for compassionate release. First, he claims that he has a medical condition, specifically, high blood pressure (hypertension) which the Centers for Disease Control (CDC) has found to "increase the risk of severe illness posed by COVID-19." ECF 80, p. 1. Second, Defendant claims that he needs to provide care to his 68-year old mother who suffers from congestive heart failure, hypertension, cardiomyopathy, diabetes, and whose medical

history includes a stroke. Id., p. 2.  Third, he claims that his wife of 27 years needs his support – emotional and financial – due to the fact that their son died in October 2022.  Id.  Each of these reasons will be discussed below.

**A. Defendant's Medical Reasons**

Based upon the standard set forth above, Defendant bears the burden of proving that an extraordinary and compelling reason exists justifying his release (or sentence reduction) from prison.  To meet this burden, Defendant must first exhaust all of his administrative remedies before seeking redress from this Court.  If Defendant has exhausted the administrative remedies necessary, then the Court may consider granting the request if Defendant meets the burden of proving that he: (1) has "a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[;]" (2) he has suffered a serious deterioration in health due to age; (3) certain "family circumstances" exist; and (4) "an extraordinary and compelling reason other than, or in combination with, the reasons described in [(1)] through [(3)]." U.S.S.G. § 1B1.13 app. note 1.

The Court first addresses whether Defendant has exhausted the appropriate administrative remedies with respect to his medical reasons for seeking compassionate release.

Based on a document Defendant filed in conjunction with his motion, it appears as though Defendant asked the Warden at the federal correctional institution where he is presently incarcerated for a compassionate release or reduction in his sentence.  See ECF 80-1.  This document, a letter from Warden Underwood, begins, "[t]his is in response to your Request for Compassionate Release/Reduction in Sentence Consideration dated September 26, 2022."  Id.  The remainder of the document analyzes Defendant's request, his medical condition, and the

standards of the BOP for granting such a request; but ultimately, the letter denies Defendant's request for compassionate release/sentence reduction.  Id.  The warden's letter forms the basis upon which this Court finds that Defendant exhausted his administrative remedies when requesting a compassionate release and/or a reduction in sentence for medical reasons.

Next, the Court considers the merits of Defendant's request for a compassionate release or reduction in his sentence based on the medical reasons he provided.

Defendant begins by noting that he has high blood pressure (hypertension), high cholesterol, and anemia.  Defendant notes that the Centers for Disease Control ("CDC") lists hypertension as a condition that may increase the risk posed by COVID-19.  Defendant argues that FCI-Loretto uses double bunk barrack style housing for its inmates, and states that even though the facility is operating "at around half its capacity . . . the BOP has decided to house them all in the same half of the housing unit."  Defendant claims, "[i]t is not a matter if illness will arrive at the camp, but a matter of when ad how severe it will be."  ECF 80, p. 2.

The Government's brief counters each of Defendant's arguments.  The Government contends that Defendant's hypertension cannot form the basis for a compassionate release or sentence reduction.  See ECF 85 p. 11.  The Government basis this argument on some relevant caselaw (albeit none that binds this Court), and the fact that Defendant is merely pre-hypertensive, and thus, does not rise to the level of "increased risk" under the CDC guidelines.

With respect to hypertension, this Court notes that the CDC website states, "[h]aving heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) can make you more likely to get very sick from COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 1/19/2023).

Defendant's medical records (ECF 87, p. 3) note that Defendant's blood pressure taken on September 14, 2022, was 128/74. According to the CDC website, the Defendant's blood pressure is "Elevated," but not "Hypertensive." https://www.cdc.gov/bloodpressure/facts.htm (chart showing blood pressure of 120-129 systolic and less than 80 diastolic is "elevated") (last visited 1/19/2023). Thus, Defendant does not even meet the definition of hypertension per CDC's own guidelines.

Next, this Court notes that Defendant's medical records indicate that he has hyperlipidemia (high cholesterol) and he takes Atorvastatin, which is a drug prescribed for high cholesterol. Defendant presents no evidence to indicate how his high cholesterol, which is presumably controlled by the Atorvastatin medication, creates an extraordinary and compelling reason for him to be released or for his sentence to be shortened. As noted above, it is Defendant's burden to prove how his medicinally controlled, cholesterol condition creates an extraordinary and compelling reason for him to be released (or his sentence to be shortened), and he failed to do so.

Finally, Defendant also claims that his anemia condition creates an extraordinary and compelling reason for him to be released or for his sentence to be shortened. As noted by the Government, Defendant's medical records label his anemia condition as "mild," the records also note that he refused treatment for his anemic condition in the past. Based on Defendant's medical records, Defendant fails to illustrate an extraordinary or compelling reason arising from his anemia condition.

In sum, this Court finds that Defendant has failed to meet his burden of proving that any of his medical conditions (taken singularly or together), create an extraordinary or compelling reason for this Court to further consider analyzing the matter set forth in his motion.[2]

**B. Defendant's Family Reasons**

Defendant contends that his mother and wife need him for support. According to Defendant, his mother needs his help to care for her, and his wife needs his emotional and financial support given that their son died in October of 2022. Defendant seeks a compassionate release or a shorter sentence so that he may assist these family members.

Unlike Defendant's medical claims, Defendant offers no proof that he exhausted his administrative remedies with respect to these non-medical claims. The Government produced the only document which indicated to this Court that Defendant had attempted to exhaust his administrative remedies. See ECF 85-1 p. 3. However, this document was a letter from the Warden denying Defendant's request for release or a shorter sentence based on his medical conditions. The letter makes no mention of Defendant's familial circumstances for seeking a compassionate release or shorter sentence.

Accordingly, because Defendant failed to meet his burden of proving that he exhausted his administrative remedies with respect to his family concerns, the Court will deny Defendant's motion predicated on his mother's and wife's needs.

**IV. CONCLUSION**

Defendant has failed to meet his burden of proving that any of his medical conditions provide the requisite extraordinary and compelling reason(s) for the Court to consider further

---

[2] If Defendant had proven that any of his medical conditions had risen to the level of "extraordinary and compelling" the Court would have to then weigh those circumstances against the Section 3553 factors. Because the Court finds no extraordinary and compelling reasons exist, the Court will not conduct the Section 3553 analysis.

whether he is entitled to compassionate release or a shorter sentence.  Defendant also failed to demonstrate that he exhausted his administrative remedies with respect to his non-medical (*i.e.,* his familial) reasons for seeking a compassionate release/sentence reduction. For these reasons, Defendant's motion will be denied.

**ORDER OF COURT**

AND NOW this 20th day of January, 2023, the Court hereby DENIES Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. 3582(c)(1)(A)(i).  ECF 80.

SO ORDERED this 20th day of January, 2023.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record
and
John Hornezes
38751-068
772 Saint Joseph St.
Loretto, PA  15940